IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**3-18CR-595-L**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. |
| HELEN KIM | |

# INDICTMENT

Count One
Conspiracy to Engage in a Racketeering Enterprise
(Violation of 18 U.S.C. § 371 (18 U.S.C. § 1952(a)(3)))

THE GRAND JURY CHARGES:

At times material to this Indictment:

## Introduction and Background

1. Defendant **Helen Kim** operated Pink One Spa ("Pink One") and Illusion Spa ("Illusion"), in the Dallas Division of the Northern District of Texas. Pink One and Illusion purported to be spas, but they were actually fronts for providing commercial sex to customers.

2. Defendant **Helen Kim** employed primarily Asian women, who came from the United States and the Republic of Korea ("South Korea"), to work as commercial sex workers at Pink One and Illusion. The commercial sex workers often lived at Pink One and Illusion so they could cater to customers at all times of the day and night.

3. In September of 2018, defendant Individual 1 and Confidential Informant 1

(hereinafter "CI 1") discussed Individual 1 providing women to engage in commercial sex acts with a group of businessman coming to town towards the end of October of 2018 (referenced hereinafter as the "commercial sex event"). Individual 1 communicated that defendant **Helen Kim** had access to women engaging in commercial sex and could make them readily available to CI 1 and his/her business contacts. CI 1 told Individual 1 that he/she would introduce Individual 1 to a business partner. That business partner was an undercover police detective (hereinafter "UC").

## Conspiracy

4.  Beginning no later than on or about September 7, 2018, and continuing to on or about November 1, 2018, in the Dallas Division of the Northern District of Texas and elsewhere, defendant **Helen Kim** and Individual 1, did knowingly and willfully conspire and agree together, and with others, both known and unknown to the Grand Jury, to commit the following offense against the United States: to use and cause to be used facilities in interstate commerce with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of the State of Texas, and thereafter performed and attempted to perform an act to promote, manage, establish, carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, in violation of 18 U.S.C. § 1952(a)(3).

## Manner and Means

5.  It was part of the conspiracy that defendant **Helen Kim** and Individual 1 negotiated and brokered an agreement where they would provide twenty or more women to engage in commercial sex with businessmen at a hotel in Dallas, Texas. Defendant **Helen Kim** and Individual 1 agreed that they would charge the customers approximately $40,000 for four hours of commercial sex services.

6.  It was further part of the conspiracy that defendant **Helen Kim** and others, known and unknown to the Grand Jury, used and caused to be used facilities in interstate commerce in furtherance of the conspiracy, including a hotel and cellular telephones.

7.  It was further part of the conspiracy that defendant **Helen Kim** recruited commercial sex workers from Illusion, Pink One, and other massage parlors and spas in the Dallas, Texas area to participate in the commercial sex event.

8.  It was further part of the conspiracy that defendant **Helen Kim** requested and accepted a down payment of approximately $5,000 for the commercial sex event.

9.  It was further part of the conspiracy that **Helen Kim** caused commercial sex workers to show up at a hotel in Dallas, Texas.

## Overt Acts

10. In furtherance of the conspiracy and to effect is object, defendant **Helen Kim** and Individual 1, along with other coconspirators, committed the following overt acts, among others, in the Northern District of Texas, and elsewhere:

11.     On or about September 14, 2018, CI 1 and Individual 1 discussed (1) the price for providing commercial sex workers and (2) whether the businessmen coming to town would need cocaine and erectile-dysfunction drugs as part of the commercial sex event.

12.     On or about September 14, 2018, Individual 1 discussed with CI 1 more of the specifics of the commercial sex event, including the number of times the businessmen would want to have sex with the commercial sex workers.

13.     On or about September 26, 2018, Individual 1 and CI 1 discussed over the telephone—an instrumentality in interstate commerce—more of the details of the commercial sex event, including the ethnicities of the commercial sex workers, the price of the commercial sex workers (a total of $40,000 for the night), and that defendant **Helen Kim**, and defendant **Helen Kim's** contacts would supply the commercial sex workers.

14.     On or about October 2, 2018, Individual 1 explained to CI 1 and the UC that defendant **Helen Kim** is the organizer for the commercial sex event.

15.     On or about October 5, 2018, defendant **Helen Kim** solicited and accepted a down-payment of $5,000 in cash for the commercial sex event.

16.     On or about October 10, 2018, defendant **Helen Kim** and CI 1 discussed over the cellular telephone—an instrumentality used in interstate commerce—details regarding the commercial sex event, including providing pictures of the commercial sex workers to CI 1 and his/her business partner.

17. On or about October 24, 2018, defendant **Helen Kim** provided the UC with her cellular telephone number to arrange further details of the commercial sex event.

18. On or about October 24, 2018, defendant **Helen Kim** confirmed details of what the commercial sex workers would do with the businessmen during the commercial sex event, including that the commercial sex workers would provide the "girlfriend experience."

19. On or about November 1, 2018, defendants **Helen Kim** caused over twenty commercial sex workers to show up at a hotel in Dallas, Texas. Hotels are instrumentalities of interstate commerce.

20. On or about November 1, 2018, defendant **Helen Kim** accepted over $40,000 in cash from the UC as part of a sting operation.

In violation of 18 U.S.C. § 371.

## Count Two
### Use of a Facility of Interstate Commerce in Aid of a Racketeering Enterprise
(Violation of 18 U.S.C. §§ 1952(a)(3) and (2))

21. Beginning no later than on or about September 7, 2018, through on or about November 1, 2018, the exact dates being unknown to the Grand Jury, in the Dallas Division of the Northern District of Texas and elsewhere, defendant **Helen Kim,** as a principal and aider and abettor, along with others both known and unknown to the Grand Jury, did knowingly and willfully use and cause to be used facilities of interstate commerce, namely cellular telephones and a hotel, among others, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is a business enterprise involving prostitution in violation of Texas Penal Code Sec. 43.04, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity.

In violation of 18 U.S.C. § 1952(a)(3) and (2).

<u>Count Three</u><br>
Use of a Facility of Interstate Commerce in Aid of a Racketeering Enterprise<br>
(Violation of 18 U.S.C. §§ 1952(a)(3))

22.  Beginning no later than on or about September 1, 2018, through on or about November 1, 2018, the exact dates being unknown to the Grand Jury, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Helen Kim** along with others both known and unknown to the Grand Jury, did knowingly and willfully use and cause to be used facilities of interstate commerce, namely cellular telephones, the internet and automated teller machines (ATMs), among others, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is a business enterprise involving prostitution in violation of Texas Penal Code Sec. 43.04, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity.

In violation of 18 U.S.C. § 1952(a)(3).

A TRUE BILL

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_/s/_____
RYAN R. RAYBOULD
Kansas Bar No. 25429
CARA F. PIERCE
Texas Bar No. 24036579
Assistant United States Attorneys
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Tel:  214.659.8713
Fax: 214.659.8809

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

HELEN KIM

INDICTMENT

18 U.S.C. § 371 (18 U.S.C. § 1952(a)(3)
Conspiracy to Engage in a Racketeering Enterprise
(Count 1)

18 U.S.C. §§ 1952(a)(3) and (2)
Use of a Facility of Interstate Commerce in Aid of a Racketeering Enterprise
(Counts 2 and 3)

3 Counts

A true bill rendered

_____ /s/ _____
DALLAS                                                                         FOREPERSON

Filed in open court this 20 day of November, 2018.

---

**Warrant to be Issued**

---

_____
UNITED STATES MAGISTRATE JUDGE
Magistrate Court Number: 3:18-MJ-715-BK